## TURCAS vs. ROGERS.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This is a suit brought by the holder of a promissory note against the maker, which was transferred by endorsement to the plaintiff, after it became due. The defendant in his answer pleads a want of consideration for the promise, and states that the note was given solely to accommodate the payor Seguro, by raising money on it, and that it remained in his hands after a final settlement of all accounts between them, and was improperly transfered. On these pleadings and the evidence adduced in the case, judgment was rendered in the court below in favor of the defendant, from which the plaintiff appealed, and which was reversed in the appellate court, and the case remanded for a new trial, and judgment. On the second trial being pronounced for the defendant, the plaintiff again appeals.

It is true that the evidence of the case, as it was received in the district court, makes out a defence somewhat different from that relied on in the answer; but if properly received, it ought nevertheless to shelter the appellee from the

East'n. District.
*June* 1825.

TURCAS
*vs.*
ROGERS.

The endorsee of a note, after its maturity, must allow any equitable defence to the maker.

payment of money which he did not owe at the commencement of the action. The introduction of the testimony was in no instance opposed as not corresponding with the *allegata*. A bill of exceptions was taken on the first trial of the cause to the admissibility of Seguro the endorser, as a witness; the ground of incompetency is not stated in the bill, and on the former trial of the cause before this court, the plaintiff's counsel abandoned the exception, and claimed the benefit of the testimony given by the witness. On the second trial in the district court, he excepted to certain portions of that testimony, as inadmissible on account of the situation of the witness, being endorser on the note.

The part of the evidence now objected to is that which has a tendency to destroy the effect of the note transferred, in the hands of the present holder, by proving the circumstances under which it was assigned, as accompanied by a collateral security consisting in a note of Samuel C. Young, with John Gravier, endorser, payable to the present appellee, and which Seguro had received from him and delivered to the appellant in the same manner and for the same purpose, for which he had re-

ceived, that is a collateral security for the payment of the note now sued on. The note, being transferred after it became due, is subject to the same equity in the hands of the assignee, that it would have been in those of the assignor. See *Chitty*, 165. And if the latter be competent to prove any thing relative to the validity of the note and circumstances under which it was assigned, he ought to be permitted to tell the whole truth, by giving a fair disclosure of the contract between him and his assignee. If credit be given to Seguro's testimony, the note in question was good and valid in the possession of the present holder, who as well as the transferor might have enforced payment previous to the recovery or receipt of the money secured by the note of Young and Gravier; when that was paid to the holder, who is also possessor of the defendant's own note, a discharge of the latter was immediately effected by compensation; for, having received it to collect for the benefit of the appellee, so soon as he obtained the money on it the appellant became his debtor for that amount.

The testimony of Young, who was called as a witness on the last trial in the court below, strengthens that of Seguro: for he proves the

payment to the plaintiff of the full amount of the note, which the latter testifies to have been delivered to Turcas, as a collateral security.

According to this reasoning in the cause, it is readily perceived that we have examined it more in relation to the proof adduced than to the allegations of the answer, and this mode of investigation is tolerated by the law of the *Novissima Recopilacion*, so often referred to in judgments rendered by the appellate court.

Whether the note now sued on be considered, as given originally to accommodate the payee, or as evidence of a debt really owing to him from the appellee, the view which we have taken of the case, shews that it has been compensated and paid with the funds of the latter, whilst in the hands of the appellant, and directly to him. The authorities, cited by the counsel for the plaintiff, are therefore not applicable to the present case.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

*Dumoulin* for the plaintiff, *Preston* for the defendant.